Stuart MARCUS, an individual,
Plaintiff—Appellant,

v.

Phelps DODGE Corporation, a New York Corporation, Defendant—Appellee.

No. 05–15764.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 2007.

Filed Sept. 10, 2007.

Eileen Dennis Gilbride, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, Loretta Jacobs–Schwartz, Esq., Scottsdale, AZ, for Plaintiff–Appellant.

Michele Lynn Tyler, Esq., Fennemore & Craig, PC, Phoenix, AZ, for Defendant–Appellee.

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

### MEMORANDUM [*]

Marcus failed to establish a genuine issue of fact as to whether his claimed obsessive compulsive disorder "substantially limits" or was so severe as to substantially impair "one or more major life activities."[1] He also failed to establish a genuine issue of fact as to whether he was "regarded as having such an impairment."[2] In *McAlindin v. County of San Diego*[3] we held that "[m]ere trouble getting along with coworkers" is not enough to establish a disability. That is the most that a jury could infer from Marcus's disability evidence.

Marcus failed to establish a genuine issue of fact as to whether his discharge during the RIF was a pretext for religious discrimination. High officials at the company made anti-Semitic remarks. By analogy to *Chuang v. University of California*,[4] in some circumstances those would suffice to establish a genuine issue of fact regarding pretext. But in this case, those who made anti-Semitic remarks were gone from the company well before Marcus and had nothing to do with his discharge, and the supervisor who placed Marcus on the RIF list expressed his disapproval of the anti-Semitic remarks to his superiors who made them.

Marcus failed to establish a genuine issue of fact regarding his retaliation claim, because the supervisor who RIFed Marcus also asked Marcus to create the diversity plan, developing the plan was not an activity protected by the statute from retaliation, and there was no evidence to show a retaliatory animus. Marcus failed to establish a genuine issue of fact as to whether putting his name on the RIF list was pretextual. Marcus also failed to establish a genuine issue of fact as to his breach of contract claim.

**AFFIRMED.**

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1.] 42 U.S.C. § 12102(2)(A).

[2.] 42 U.S.C. § 12102(2)(C).

[3.] *McAlindin v. County of San Diego,* 192 F.3d 1226 (9th Cir.1999).

[4.] *Chuang v. University of California,* 225 F.3d